Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Andrew C. Johnson (State Bar No.: 276059)
Email: ajohnson@condonlaw.com
Christina V. Ferreiro (State Bar No.: 349562)
Email: cferreiro@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
AEROENLACES NACIONALES, S.A. DE C.V.
trading as VIVA AEROBUS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA PRADO, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES WORLD AIRPORTS; VIVA AEROBUS USA, LLC., a business entity; and Does 1 through 100, Inclusive,<br><br>   Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Aeroenlaces Nacionales, S.A. de C.V., trading as Viva Aerobus (sued herein as Doe #3 and hereinafter referred to as "Viva Aerobus"), by and through its attorneys of record, Condon & Forsyth LLP hereby removes this pending action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the following grounds:

   1.   On October 27, 2023, there was filed in the Superior Court of the

State of California for the County of Los Angeles the attached Complaint bearing Case No.: 23TRCV03604 in the records and files of that court. Plaintiff's Complaint alleged two causes of action for: (1) Liability for Dangerous Condition of Public Property, Pursuant to Government Code § 835, et seq.; and (2) Vicarious Liability for Wrongful Acts or Omissions by Public Entity Employees and/or Retention of Unfit Employer Cal. Gov't. Code § 815.2.

2. On February 7, 2024, Plaintiff filed a First Amended Complaint alleging two causes of action for: (1) Vicarious Liability for Wrongful Acts or Omissions by Public Entity Employees and/or Retention of Unfit Employer Cal. Gov't. Code § 815.2; and (2) Negligence.

3. On July 22, 2024, Plaintiff filed a Doe Amendment naming Aeroenlances Nacionales, S.A. de C.V., trading as Viva Aerobus, as Doe 3.

4. On August 15, 2024, Viva Aerobus demurred to the first cause of action of Plaintiff's First Amended Complaint on the grounds that Viva Aerobus is not a "public entity" as defined by Government Code, and therefore, cannot be liable under Government Code Section 815.2. On September 10, 2024, the Court sustained Viva Aerobus' Demurrer with leave to amend.

5. On September 18, 2024, Plaintiff filed its Second Amended Complaint. The Second Amended Complaint asserts three causes of action for: (1) Vicarious Liability for Wrongful Acts or Omissions by Public Entity Employees and/or Retention of Unfit Employer Cal. Gov't. Code § 815.2; (2) Negligence, and (3) Violation of Montreal Convention. The Second Amended Complaint asserts a single cause of action against Viva Aerobus for violation of the Montreal Convention. The Second Amended Complaint is the first time that the Montreal Convention cause of action was asserted against Viva Aerobus. Even though the Second Amended Complaint was filed on September 18, 2024, it was served on September 17, 2024. A true and correct copy of the Second Amended Complaint filed in the state court is attached hereto as Exhibit "A." Accordingly, the thirty

(30) day time period for removal of an amended pleading, which it may first be ascertained that the case is one which is or has become removable as provided in 28 U.S.C. § 1446(b)(3) has not yet elapsed.

6. This is a civil action by plaintiff Maria Prado (hereinafter "Plaintiff") against City of Los Angeles, Los Angeles World Airports, Viva Aerobus, and G2 Secure Staff LLC, Airport Terminal Management, Inc., and Airport Terminal Services, Inc. seeking damages for personal injuries she allegedly sustained on April 21, 2023, while embarking on a Viva Aerobus flight from Los Angeles to Guadalajara, Mexico at Los Angeles International Airport ("LAX"). Plaintiff alleges that while attempting to sit in a wheelchair, the wheelchair rolled backwards due to an unspecified malfunction, causing Plaintiff to fall. *See* Plaintiff's Second Amended Complaint, Ex. A, p. 3, ¶¶ 10-14.

7. This is a civil action over which this Court has original jurisdiction based upon the existence of a federal question pursuant to 28 U.S.C. § 1331, in that Plaintiff's lone cause of action against Viva Aerobus is for liability under the Montreal Convention, a treaty of the United States.

8. The Montreal Convention, formally known as the Convention for the Unification of Certain Rules for International Air Carriage by Air, May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734, is the successor to the Warsaw Convention, (*Narayanan v. British Airways*, 747 F.3d 1125, 1127 & n.2 (9th Cir. 2014)) and unifies and replaces the system of liability that derives from the Warsaw Convention. *See Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2d Cir. 2004).

9. The Montreal Convention is applicable to all "international carriage of persons, baggage or goods performed by aircraft for reward." Montreal Convention, Art. 1(1); *Narayanan*, 747 F.3d at 1127; *Chubb Ins. Co. of Europe S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011).

10. This action, therefore, may be removed to this Court by Viva Aerobus

pursuant to the provisions of 28 U.S.C. § 1441(a). *See e.g.*, *Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1152 (8th Cir. 1999) (Warsaw Convention); *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057, 1064 (C.D. Cal. 2013) (Montreal Convention); *Jack v. Trans World Airlines, Inc.*, 820 F. Supp. 1218, 1226 (N.D. Cal. 1993) (Warsaw Convention); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-CV-0003, 2016 WL 2756589, at *20 (S.D. Tex. May 9, 2016) (Montreal Convention); *Moran v. Am. Airlines, Inc.*, No. 10-80878-CIV, 2011 WL 13116533, at *6 (S.D. Fla. Feb. 17, 2011), *report and recommendation adopted*, No. 10-80878-CIV, 2011 WL 13116534 (S.D. Fla. Mar. 9, 2011) (Montreal Convention); *Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006) (Warsaw Convention); *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386 (E.D.N.Y. 2012) (Montreal Convention); *Masudi v. Brady Cargo Servs., Inc.*, No. 12-CV-2391 DLI, 2014 WL 4416502, at *3 (E.D.N.Y. Sept. 8, 2014) (Montreal Convention); *Garrisi v. Nw. Airlines, Inc.*, No. 10-12298, 2010 WL 3702374, at *5 (E.D. Mich. Sept. 16, 2010) (Montreal Convention); *Schaefer-Condulmari v. U.S. Airways Grp., Inc.*, No. CIV.A. 09-1146, 2009 WL 4729882, at *9 (E.D. Pa. Dec. 8, 2009) (Montreal Convention).

11. According to the allegations in Plaintiff's Second Amended Complaint, at the time of the alleged incident on April 21, 2023, Plaintiff was traveling pursuant to a contract of carriage that provided for international carriage from Los Angeles to Guadalajara, Mexico.

12. The United States is a signatory to the Montreal Convention and the Montreal Convention entered into force in the United States on November 4, 2003.

13. Mexico is a signatory to the Montreal Convention and the Montreal Convention entered into force in the United States on November 4, 2003.

14. Accordingly, Plaintiff's lone cause of action against Viva Aerobus for liability under the Montreal Convention raises a federal question.

15. In addition to Viva Aerobus, the Second Amended Complaint names

NOTICE OF REMOVAL OF CIVIL ACTION - 4 -

as defendants the City of Los Angeles, Los Angeles World Airports, and Does 1 through 100.

16.     Viva Aerobus is informed and believes that defendants Los Angeles World Airports and City of Los Angeles were served with process of the First Amended Complaint in this action on April 9, 2024 and April 10, 2024, respectively, and those entities filed an answer to the First Amended Complaint. On May 22, 2024, Los Angeles World Airport and City of Los Angeles were dismissed from this matter without prejudice. *See* Request for Dismissal, Ex B. Despite the previous dismissal of Los Angeles World Airports and City of Los Angeles, the Second Amended Complaint again named City of Los Angeles and Los Angeles World Airports as defendants in this matter.  The City of Los Angeles and Los Angeles World Airports were again dismissed from this lawsuit on October 1, 2024.  A true and correct copy of this dismissal is attached hereto as Exhibit C.

17.     On October 7, 2024, Plaintiff filed Doe Amendments naming Airport Terminal Management, Inc., as Doe 4, and naming Airport Terminal Services, Inc. as Doe 5.  Plaintiff has filed proofs of service reflecting that Airport Terminal Services Inc. and Airport Terminal Management Inc. were served with process in this action on October 9, 2024.  Airport Terminal Services Inc. was terminated as a corporation in California on February 20, 1996, and it is not a properly joined party to this lawsuit. *See* Certificate of Surrender, Ex. D.  As noted above, Airport Terminal Management, Inc. ("ATM") was purportedly served with the summons and complaint in this matter on October 9, 2024.  ATM has not appeared in this matter, and there is no indication that ATM has retained counsel for this matter. Nonetheless, Viva Aerobus has made fourteen attempts to contact ATM to obtain consent to remove this matter to federal court.  Unfortunately, no one at ATM who has been available to Viva Aerobus thus far has authority to consent to removal. Viva Aerobus therefore requests permission to cure the defect concerning ATM's

consent to remove by obtaining joinder of ATM in Viva Aerobus' removal, on or before November 14, 2024. *See Destfino v. Reiswig*, 630 F.3d 952, 956-957 (9th Cir. 2011) (holding where all defendants who have been properly served have not consented in removal when notice of removal is filed, district court may allow removing defendants to cure defect by obtaining joinder of all defendants prior to entry of judgment).

## NOTICE PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 44.1

18. Viva Aerobus hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, Aeroenlaces Nacionales, S.A. de C.V., prays that the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Dated: October 17, 2024					CONDON & FORSYTH LLP

By: /s/ *Andrew C. Johnson*
SCOTT D. CUNNINGHAM
ANDREW C. JOHNSON
CHRISTINA V. FERREIRO
Attorneys for Defendant
AEROENLACES NACIONALES, S.A. DE C.V., trading as VIVA AEROBUS

NOTICE OF REMOVAL OF CIVIL ACTION — - 6 -